[No. 7010.]

NOTARY ET AL. V. THE PEOPLE.

1. PARDON—*Effect*—Where, pending a writ of error by two,
to review a conviction of crime, one of the convicts is pardoned,
the cause will proceed as to the other—(154).

2. CRIMINAL LAW—*Conviction without evidence*—A conviction of crime, not supported by any evidence of guilt, will not be permitted to stand—(156).

The evidence examined and held entirely wanting in probative effect to charge the accused—(155, 156).

*Error to Denver District Court.*—HON. GREELEY W. WHITFORD, Judge.

Mr. GRANT L. HUDSON, Messrs. CRUMP & ALLEN, for plaintiffs in error.

Hon. WILLIS V. ELLIOTT, district attorney, Mr. JOHN HORNE CHILES, chief deputy district attorney, Mr. DEWEY C. BAILEY, JR., deputy district attorney, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

An information was filed charging plaintiffs in error with the commission of a criminal offense under section 1805, R. S. 1908. The alleged offense was the selling of intoxicating liquors, and the keeping open of a saloon for that purpose on Sunday. Upon trial the defendants were convicted, and each sentenced to serve a year in the county jail. They thereupon brought the cause here for review upon error. An application to this court for a supersedeas was granted as to F. Marrato, and denied as to M. Notary. Thereafter the latter was made the object of executive clemency, and the cause will, therefore, be considered as to Marrato alone.

The evidence, on behalf of the prosecution, consisted of the testimony of one witness, an employe of the Anti-Saloon League. This witness testified, that on the Sunday named in the information, he visited a certain saloon situated at 22d and Champa streets in the city of Denver;

that on the Champa street side of the building were the words, "Bar. Notary and Marrato. Bar"; that he and a companion entered the saloon and therein found five or six men, among whom was defendant M. Notary, from whom they purchased some beer; that the other men there assembled were unknown to witness, but defendant, F. Marrato, was not among them, nor had witness ever seen him in that saloon, though witness had been therein many times; that witness had no knowledge whether the name Marrato appearing among the words on the front of the building referred to the defendant Marrato, nor did he know whether the latter had any interest or connection whatever with the business. Such was the substance, extent, and effect of the evidence on behalf of the people. Thereupon defendant Marrato moved for an instructed verdict of not guilty, upon the ground that no proof had been presented establishing, or tending to establish, his guilt. The court denied the motion, over exception saved. Marrato did not testify. Upon Notary's examination in chief, no reference was made to Marrato, but in cross-examination, over objection and exception saved, Notary was questioned as to defendant Marrato's connection with the business. This testimony was to the effect that the two defendants had conducted a business together, which consisted of both wholesale and retail trade, carried on in the same building, but separated by a partition through which there was an opening by means of a swinging door; that three years prior to the date of the alleged offense, Notary had leased from Marrato his interest in the retail portion of the business, and had subsequent to such date been the sole owner thereof.

However desirable it may be that the laws, regulating the sale of intoxicating liquors and prohibiting the

same under certain conditions, should be strictly enforced, nevertheless, the rights of those charged with infraction of such laws must be as jealously guarded and protected as are the rights of those charged with the violation of other public laws. The law does not permit a presumption of guilt from the formal accusation of crime, nor a verdict of guilty thereof to stand without the slightest evidence to support it. One can not be held and deprived of his liberty and property without some degree of legal wrong which must be evidenced by proof of a criminal intent or a degree of negligence amounting in its character to a disregard of some public law. The verdict is not upon conflicting evidence, but rather an entire absence of evidence tending to establish the guilt of Marrato.

The conviction can not be sustained, and the judgment is, therefore, reversed.

*Judgment reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.